■ JOHN C. DOUGHERTY et al., Respondents-Appellants, v FLANAGAN, KELLY, RONAN, SPOLLEN & STEWART, Appellant-Respondent, et al., Defendant.—In an action, inter alia, for defamation, (1) the defendant law firm of Flanagan, Kelly, Ronan, Spollen & Stewart (hereinafter the defendant firm), purportedly appeals from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), entered June 26, 1987, as denied that branch of its motion which was to dismiss the plaintiffs' second cause of action, and (2) the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendant firm's motion which were to dismiss their first, third, fourth and fifth causes of action.

Ordered that the appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The Supreme Court properly dismissed the first, third, fourth and fifth causes of action asserted in the plaintiffs' complaint. All of those causes of action sought damages for allegedly defamatory remarks made by the defendant firm against the plaintiffs in the course of prior litigation between them. However, it is well settled that statements made in the course of a judicial proceeding are absolutely privileged if, "by any view or under any circumstances [they] may be considered pertinent to the litigation" (Martirano v Frost, 25 NY2d 505, 507; Andrews v Gardiner, 224 NY 440, 445; Klein v McGauley,

29 AD2d 418, 420). The record clearly demonstrates that the allegedly defamatory statements made by the defendant firm, were made in the course of a judicial proceeding and were pertinent to the litigation therein.

Finally, we note that the plaintiffs' arguments, both in their brief and on oral argument, concerning the nature and extent of the damages recoverable for a violation of Judiciary Law § 487, should be addressed to the trial court at the appropriate time. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.