■ R.W.P. GROUP, INC., Appellant, v BRYAN J. HOLZBERG et al., Respondents. [608 NYS2d 504] —In an action to recover damages for defamation, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated February 20, 1992, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) based upon a defense founded upon documentary evidence and for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants herein are the attorneys for R.I.A. Group, Inc. (hereinafter R.I.A.), which is the plaintiff in a pending breach of contract action against R.W.P. Group, Inc. (hereinafter R.W.P.), the plaintiff herein. In connection with the breach of contract action, the defendant Bryan J. Holzberg, in an affidavit, alleged, *inter alia,* that R.W.P. Group, Inc., had "stolen" accounts belonging to his client, R.I.A. The instant action to recover damages for defamation resulted from that allegation. In commencing this action, R.W.P. alleged that by employing the term "stolen", Holzberg had falsely accused it of criminal activity and, consequently, had maliciously injured its reputation in the community. Holzberg moved, *inter alia,* to dismiss the complaint for failure to state a cause of action on the ground that the subject statement was absolutely privileged because it had been made in the course of a judicial proceeding.

We agree with the Supreme Court that the complaint fails to state a cause of action *(see,* CPLR 3211 [a] [7]). It is well settled that statements made in the course of a judicial proceeding are absolutely privileged if, " 'by any view or under any circumstances [they] may be considered pertinent to the litigation' " *(Dougherty v Flanagan, Kelly, Ronan,*

*Spollen & Stewart,* 145 AD2d 461, quoting *Martirano v Frost,* 25 NY2d 505, 507). In this case, the alleged defamatory statement was absolutely privileged because of its relevance and pertinence to the litigation between the R.I.A. Group, Inc., and R.W.P. Group, Inc. *(see, Grasso v Mathew,* 164 AD2d 476, 479).

In addition, since the documentary evidence submitted by the defendants "definitively dispose[d] of [the] plaintiff's claim" *(Juliano v McEntee,* 150 AD2d 524, 525), dismissal of the complaint was also proper under CPLR 3211 (a) (1).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.