■ RICHARD S. HIRSCHHORN, Appellant, v TOWN OF HARRISON, Respondent. [619 NYS2d 810] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Colabella, J.), entered January 13, 1993 in Westchester County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

In October 1991, plaintiff entered into a contract to purchase from defendant a parcel of real property (hereinafter the property), immediately adjacent to other premises owned by plaintiff, for $350,000 and made a down payment of 10% of that amount. Plaintiff intended to annex a portion of the property to his adjoining lot, and to develop and resell the remainder.

Subsequently, but before the sale was consummated, Robert Paladino and Patrick Vetere, two of defendant's Town Board members, appeared on a televised debate in connection with an impending election, and when asked why defendant had agreed to sell the property, replied, *inter alia,* that it "was a potential environmental disaster". Alerted to this, and believing that it would have a negative effect on his ability to resell the property, plaintiff requested that defendant take certain steps, including performance of an environmental audit and issuance of a public retraction of the Town Board members' statements, to allay any fears of actual contamination. Defendant agreed to adjourn the closing to April 15, 1992 on the condition that time was of the essence, and issued a resolution proclaiming that no Town Board member knew of any environmental contamination affecting the property. Neither party undertook any environmental study to determine whether contamination was indeed present.

Dissatisfied with the extent of defendant's remedial actions, plaintiff did not attend the closing, but instead filed a notice of pendency and eventually commenced this action, charging breach of contract, slander of title and fraud, and seeking specific performance and foreclosure of a vendee's lien. Following service of an answer in which defendant asserted, in a counterclaim, its right to retain plaintiff's downpayment, both parties moved for summary judgment. Supreme Court dis-

missed the complaint and awarded defendant judgment on its counterclaim, prompting this appeal by plaintiff.

The first and fourth causes of action, seeking specific performance of the sales contract and damages for fraud, were properly dismissed for the reasons set forth by Supreme Court.

As for the slander of title claim, it bears noting that while Paladino and Vetere's statements may have affected the value of the property, they did not render title unmarketable in the legal sense *(cf., Voorheesville Rod & Gun Club v Tompkins Co.,* 82 NY2d 564, 571), nor did they tend to cast doubt on the *validity* of defendant's—and thus ultimately plaintiff's—title to the property, a necessary component of such a cause of action *(see, Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222, 224; *Carnival Co. v Metro-Goldwyn-Mayer, Inc.,* 23 AD2d 75, 77). Though denominated a cause of action for slander of title, this cause is more properly considered one for injurious falsehood, in that it is based upon utterances that disparaged the property and, according to plaintiff, reduced the value thereof *(see, Lampert v Edelman,* 24 AD2d 562, 562-563). Nonetheless, even so viewed, a cause of action is not stated for, as Supreme Court correctly found, Paladino and Vetere's statements were entitled to a qualified privilege *(see, ATN Marts v Ireland,* 195 AD2d 959), and plaintiff has not alleged that they were made with any intent to injure him, or with a reckless disregard for their truth or falsity *(see, Cosme v Town of Islip,* 63 NY2d 908, 909). Furthermore, plaintiff has failed to plead special damages with sufficient particularity to support a claim of this nature *(see, Drug Research Corp. v Curtis Publ. Co.,* 7 NY2d 435, 440-441; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373).

Plaintiff's submissions do, however, raise questions of fact with regard to whether the statements made by Town Board members Paladino and Vetere would lead a reasonable person to believe that the property is actually contaminated, whether those statements materially impaired or damaged the property, and if so, whether defendant took all reasonable steps to restore its value. If these issues are resolved by the fact finder in plaintiff's favor, they could warrant finding that defendant breached the contract, either by failing to meet its obligation of good faith or by allowing the property to decline significantly in value through its own negligence, entitling plaintiff, at the very least, to rescission and return of his down payment *(see, Pershing Estates v Hayward,* 38 Misc 2d 1027, 1029; *cf., Stambovsky v Ackley,* 169 AD2d 254, 259). In sum, Su-

preme Court erred in dismissing plaintiff's claims for breach of contract and enforcement of a vendee's lien, and in granting defendant's motion for summary judgment.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion regarding the second and fifth causes of action and granted summary judgment on the counterclaim; said motion denied to that extent; and, as so modified, affirmed.