■ STEVEN S. BUTLER, Appellant-Respondent, v IRENE RATNER, Also Known as IRENE GERTEL, Respondent-Appellant. [619 NYS2d 871] —Mercure, J. Cross appeals (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Wood, J.), entered August 17, 1993 in Westchester County, which partially granted defendant's motion to dismiss the complaint.

The facts underlying this action, as alleged in the com-

plaint, follow. The parties, both attorneys employed by the Unified Court System, were married in 1974 and divorced in 1987. By 1991, the parties had each remarried and settled with their families in different communities in Westchester County. Following a February 27, 1991 confrontation between the parties and in an effort to thwart defendant's application for membership in his synagogue, in November 1991 plaintiff distributed to the Rabbi and members of the Board of Trustees certain written materials intended to denigrate defendant and her standing with them. In response, defendant made a November 18, 1991 telephone call to plaintiff's immediate supervisor at the Appellate Term, Second Department, in an effort to coerce plaintiff to refrain from distributing further materials concerning defendant. On November 26, 1991, defendant filed a verified petition with her employer, Westchester County Family Court, commencing a proceeding under Family Court Act article 8 and seeking an order of protection, alleging that plaintiff had committed acts against her constituting harassment, menacing, reckless endangerment and attempted assault. A summons was issued by Family Court on November 26, 1991, together with a temporary order of protection, which, *inter alia,* restrained plaintiff from "distribut[ing] any materials, regarding [defendant]". Plaintiff subsequently sought and obtained an order of the Appellate Division, Second Department, vacating the order of protection, and the petition was ultimately dismissed on the merits.

Plaintiff's complaint alleges four causes of action: (1) abuse of process and (2) malicious prosecution in connection with defendant's initiation of the Family Court Act article 8 proceeding and the issuance of the summons and order of protection in connection therewith; (3) breach of contract, based upon defendant's failure to pay money and deliver personal property allegedly due plaintiff under the terms of the parties' 1987 separation agreement; and (4) defamation based upon defendant's November 18, 1991 statements to plaintiff's supervisor that plaintiff had "harassed" and "shoved" her and that plaintiff's distribution of the written materials concerning defendant was "illegal" and constituted a crime and, further, statements made in sworn affidavits submitted in connection with the Family Court proceeding. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion with respect to the first two causes of action and denied it with respect to the remaining causes of action. The parties cross-appeal.

Initially, it is our view that Supreme Court properly dis-

missed the first cause of action alleging abuse of process. The gist of plaintiff's claim is that defendant's petition to Family Court falsely and maliciously accused plaintiff of committing acts constituting harassment, menacing, reckless endangerment and assault and was filed for the ulterior and illegitimate purpose of frustrating plaintiff's exercise of his constitutional right to disseminate documentary evidence as part of a legitimate effort to oppose defendant's membership in his synagogue. Even accepting, as we must, the truth of each of plaintiff's allegations *(see, Sanders v Winship,* 57 NY2d 391, 394), the complaint does not state a cause of action for abuse of process because the process was both issued *(see, Parkin v Cornell Univ.,* 78 NY2d 523, 530-531) and used *(see, Curiano v Suozzi,* 63 NY2d 113, 117; *Dean v Kochendorfer,* 237 NY 384, 390) for its intended purpose, i.e., to restrain plaintiff's commission of the family offenses alleged in the petition pending a resolution on the merits. Significantly, the falsity of the allegations and defendant's malicious motive in making them do not, of themselves, give rise to a cause of action for abuse of process *(see, Curiano v Suozzi, supra; Hauser v Bartow,* 273 NY 370, 374; Prosser and Keeton, Torts § 121, at 897-898 [5th ed]).

We also agree with Supreme Court's determination dismissing the second cause of action alleging malicious prosecution. As applied with regard to a civil action or proceeding, the elements of that tort are the institution of an action or proceeding by the defendant, malice as the motivating factor, an absence of probable cause to support the proceeding, and termination of the proceeding in favor of the plaintiff *(see, Burt v Smith,* 181 NY 1, 5, *writ dismissed* 203 US 129; *Hornstein v Wolf,* 109 AD2d 129, 132, *affd* 67 NY2d 721; *see also, Colon v City of New York,* 60 NY2d 78, 82; *see generally,* Prosser and Keeton, Torts § 120 [5th ed]). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty [citations omitted]" *(Colon v City of New York, supra,* at 82). Because "obviously less in the way of grounds for belief will be required to justify a reasonable man in bringing a civil rather than a criminal suit" (Prosser and Keeton, Torts § 120, at 893 [5th ed]), when the underlying action is civil in nature the want of probable cause must be patent *(see,* Prosser and Keeton, Torts § 120, at 893 [5th ed]; *see also, Ford Motor Credit Co. v Hickey Ford Sales,* 62 NY2d 291, 303-304). Significantly, the issuance of a temporary injunction or similar judicial recognition of the merit of the

underlying case creates a presumption of probable cause and places upon the plaintiff the burden of pleading facts sufficient to overcome it *(see, Hornstein v Wolf,* 67 NY2d 721; *Burt v Smith, supra).* We agree with Supreme Court that insufficient facts have been pleaded to satisfy that burden in this case.

It is our view that Supreme Court should have dismissed plaintiff's defamation cause of action as well. The purported statements that plaintiff "shoved" and "harassed" defendant and that "what he is doing is illegal" "did not address the subject of the plaintiff's ability to practice his profession and were not disparaging of his mental capacity and competence as a lawyer" *(Weinstock v Goldstein,* 190 AD2d 847, 848, *lv denied* 81 NY2d 711; *cf., Van Lengen v Parr,* 136 AD2d 964, 965). That being the case, defendant's statements were not defamatory per se and, thus, not actionable in view of plaintiff's failure to allege special damages *(see, Aronson v Wiersma,* 65 NY2d 592, 594; *Weinstock v Goldstein, supra).* Further, the statements made in papers filed in connection with the Family Court proceeding and pertinent thereto were privileged as a matter of law *(see, Martirano v Frost,* 25 NY2d 505; *R.W.P. Group v Holzberg,* 202 AD2d 410; *Dougherty v Flanagan, Kelly, Ronan, Spollen & Stewart,* 145 AD2d 461).

As a final matter, we agree with Supreme Court's denial of defendant's motion to dismiss the contract cause of action and conclude that Supreme Court did not abuse its discretion in denying plaintiff leave to replead his causes of action. Plaintiff failed to disclose evidentiary facts that would justify granting such a request *(see, Ott v Automatic Connector,* 193 AD2d 657, 658). The parties' remaining contentions have been considered and rejected.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion to dismiss the fourth cause of action; motion granted in that regard, and said cause of action dismissed; and, as so modified, affirmed.