■ JOHN R. ACKERMANN, Appellant, v MICHAEL MALONEY, as Sheriff of Schuyler County, et al., Respondents. [636 NYS2d 882] —Per Curiam. Appeal from an order of the Supreme Court (Ellison, J.), entered December 5, 1994 in Schuyler County, which, inter alia, granted defendants' motion to dismiss the complaint for failure to state a cause of action.

On June 19, 1993, during the course of a routine road check conducted by Schuyler County Deputy Sheriffs, plaintiff was issued a traffic ticket charging a violation of Vehicle and Traffic Law § 1229-c (3), which requires that the operator of a motor vehicle be restrained by an approved safety belt. Ultimately, and subsequent to the events giving rise to this appeal, a nonjury trial was conducted in Town Court, Town of Cayuta, Schuyler County, and plaintiff was found guilty of the charge. The judgment of conviction was affirmed by Schuyler County Court, and the Court of Appeals denied leave to appeal (*People v Ackermann*, 86 NY2d 731, 788).

Alleging a conspiracy to violate his constitutional rights in connection with the then pending Town Court proceedings, in January 1994 plaintiff commenced an action *pro se* in the United States District Court for the Eastern District of North Carolina, which was subsequently transferred to the District Court for the Western District of New York. During the pendency of the Federal court action (it has since been dismissed), plaintiff commenced this action for abuse of process, based upon essentially the same allegations, i.e., that defendant Michael Notarfonzo, the Deputy Sheriff who issued the ticket to plaintiff, falsely stated to a Schuyler County Assistant District Attorney that he "had stopped this plaintiff once before for another offense" and uttered the further falsehood that plaintiff had admitted not wearing a safety belt while operating a motor vehicle on June 19, 1993 and, despite plaintiff's objections to Notarfonzo's false statements, the prosecution proceeded against him.

The North Carolina counsel who was representing defendants in the Federal court action moved to dismiss this action, *inter alia*, for failure to state a cause of action. Prior to the return date on the motion, New York counsel was substituted in his place, and defendants made a further motion to dismiss. Plaintiff opposed the motion and cross-moved for an order imposing sanctions and other relief based upon defendants' untimely filing and service of a request for judicial intervention form, failure to serve a notice of appearance, failure to fix a return date of the dismissal motion and the appearance by an attorney not licensed to practice in New York. Supreme Court granted defendants' motion, dismissing the complaint for failure to state a cause of action, and denied plaintiff's cross motion. Plaintiff appeals.

We affirm. Initially, Supreme Court acted well within its discretion in disregarding the minor and nonprejudicial irregularities in the filing and service of the request for judicial

intervention form (see, CPLR 2001). Further, even accepting the premise that the initial motion by North Carolina counsel should be treated as a nullity, the fact remains that plaintiff did not seek judgment based upon defendants' failure to timely appear and the successful dismissal motion was made by New York counsel. Finally, even if plaintiff could establish his claim that the ulterior motive for issuance of the subject traffic ticket was "to generate a record of police activity, to justify the continuation of particular deputy positions in the annual budget and to generate revenue for the County of Schuyler", because the process was both issued and used for its intended purpose, the complaint fails to state a cause of action for abuse of process (see, Butler v Ratner, 210 AD2d 691, 693, lv dismissed 85 NY2d 924). Plaintiff's remaining contentions have been considered and found similarly meritless.

Cardona, P. J., Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.