■ KAROL FISHER, Appellant, v BRISTOL MYERS, INC., et al., Defendants, and CLAIROL, INC., et al., Respondents. [638 NYS2d 729] —In an action, *inter alia,* to recover damages for libel and conspiracy, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated October 24, 1994, as granted those branches of the motion of the defendant Vance Publishing Corp. which were to dismiss the first and second causes of action in the amended complaint insofar as asserted against it for failure to state a cause of action, and (2) an order of the same court, also dated October 24, 1994, which granted the motion of the defendant Clairol, Inc., to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the defendants Vance Publishing Corp. and Clairol, Inc., appearing separately and filing separate briefs.

The plaintiff commenced this action to recover damages for an allegedly defamatory article which appeared in a magazine of the defendant Vance Publishing Corp. (hereinafter Vance). The first cause of action in the plaintiff's amended complaint alleged libel and the second alleged a conspiracy between Vance and the defendant Clairol, Inc., to defame him.

The isolated phrases challenged by the plaintiff, when read in the context of the full article, are not reasonably susceptible

of a defamatory meaning and therefore are not actionable *(see, Aronson v Wiersma,* 65 NY2d 592, 594; *James v Gannett Co.,* 40 NY2d 415, 419-420). Accordingly, the first cause of action was properly dismissed. Since New York does not recognize civil conspiracy as an independent tort, the second cause of action also was properly dismissed *(see, Falle v Metalios,* 132 AD2d 518). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.