■ HERBERT C. SILBERMAN, Appellant, v NEIL R. FLAUM et al., Respondents, et al., Defendants. [639 NYS2d 532] —Peters, J.

This action stems from an acrimonious matrimonial action where defendants were retained by plaintiff's former wife to enforce the terms of the parties' stipulation of settlement. In connection therewith, Supreme Court (Saxe, J.) rendered a decision dated February 3, 1993 which found that plaintiff had been "proceeding in flagrant violation of the parties' stipulation". The court thus ordered that certain directives be complied with by a date certain and scheduled a compliance hearing.

After the issuance of this decision, but prior to the hearing, defendants served upon plaintiff and his counsel a notice of entry which indicated that it annexed "A TRUE COPY OF A DECISION AND ORDER OF THE HONORABLE DAVID B. SAXE DULY ENTERED IN THE OFFICE OF THE CLERK OF THE WITHIN NAMED COURT ON FEBRUARY 9TH, 1993". The notice included a copy of the decision dated February 3, 1993, as well as a proposed order and judgment which defendants sought to submit to the court prior to the date set for the compliance hearing. The proposed order and judgment referenced the order of February 3, 1993 and sought, *inter alia*, a finding by the court that plaintiff would be adjudged to be in contempt, that a warrant of attachment issue and that a monetary judgment be issued to their client pursuant to the terms of the stipulation of settlement. This proposed order was not signed by Supreme Court and contained numerous blanks.[1]

As a result of the service of a notice of entry, the order to which it refers and the proposed order, plaintiff commenced the instant action seeking to recover damages for abuse of process, fraud, intentional infliction of emotional distress and

---

1. At the compliance hearing held on March 23, 1993, where plaintiff was not present but was represented by counsel, Supreme Court reviewed the parties' stipulation and took testimony from plaintiff's ex-wife. The order and judgment actually signed by the court after such hearing was a revised form of the proposed order. It eliminated the contempt finding, deleted the section which ordered a warrant of attachment to issue against plaintiff, yet found that judgment would be awarded against plaintiff in the amount of $67,864.40.

prima facie tort. After joinder of issue, defendant moved for, *inter alia*, an order pursuant to CPLR 3211 (a) (7) dismissing the complaint for failure to state a cause of action. Supreme Court granted such relief and plaintiff now appeals.

Recognizing, as we must, that the complaint should be liberally construed with plaintiff being afforded every possible inference to determine whether a cause of action exists (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633), and in so doing reviewing the affidavit submitted for the purpose of remedying any perceived defects, we find that Supreme Court properly dismissed the underlying complaint. Since the causes of action set forth therein are predicated upon the viability of the claim for an abuse of process,[2] we find that the allegations simply do not evidence that defendants engaged in "the perverted use of * * * regularly issued process * * * with the intent of causing harm without justification * * * that results in special damages" (*Brown v Bethlehem Terrace Assocs.*, 136 AD2d 222, 225 [citation omitted]). Clearly, defendants used process to notice plaintiff of the entry of the February 3, 1993 decision. Such notice of entry only referenced the aforementioned decision and did not, in any manner, indicate that there was entry of the *proposed* order and judgment. The inclusion of the *proposed* order and judgment directly related to the relief being sought pursuant to the parties' stipulation of settlement which was referenced in the February 3, 1993 decision and was the subject of the compliance hearing scheduled. While we believe that the better practice may well have been to provide the proposed order under separate cover, we must conclude, on the facts here presented, that the inclusion of the *proposed* order, so labeled with blank spaces and the absence of signature, did not rise to the necessary level of conduct contemplated. As such, plaintiff must be found to have failed to adequately plead the necessary elements and damages comprising a cause of action in abuse of process.[3]

For all of the foregoing reasons, we affirm the order of Supreme Court in its entirety.

---

2. Plaintiff alleged five causes of action, to wit: abuse of process, intentional infliction of emotional distress, prima facie tort, conduct in violation of the Domestic Relations Law § 235 and fraud.

3. Had we even found that plaintiff sufficiently pleaded facts to support the claim alleging prima facie tort or fraud, dismissal of such causes of action would have been warranted for the failure to plead special damages (*see, Curiano v Suozzi*, 63 NY2d 113) and the required specificity of CPLR 3016 (b), respectively. Since plaintiff herein has not challenged the court's dismissal of its cause of action predicated on a violation of Domestic Relations Law § 235, we deem any challenge to the dismissal thereof abandoned.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.