■ Michael E. Teague, Appellant, v Deborah S. Teague, Respondent. [664 NYS2d 915] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about August 5, 1996, which, in an action for abuse of process, granted defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action, unanimously affirmed, without costs.

The Family Court temporary order of protection obtained by defendant against plaintiff was both issued and used for its intended purpose, i.e., to restrain plaintiff's commission of the family offenses alleged in the petition pending a resolution on the merits (*see, Butler v Ratner*, 210 AD2d 691, 693, *lv dismissed* 85 NY2d 924). This is established by the parties' stipulation in the Supreme Court divorce action, which amended such order only to provide for visitation, and Family Court's decision, after hearing the facts concerning defendant's false representations in obtaining such order, nevertheless to deny plaintiff's motion to dismiss the proceeding, issue a new, albeit less rigorous, temporary order of protection, and schedule a trial. Concur—Sullivan, J. P., Milonas, Rosenberger and Williams, JJ.

■ The People of the State of New York, Respondent, v Dewayne Spencer, Appellant. [664 NYS2d 913] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered July 28, 1995, convicting defendant, after a jury trial, of attempted burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The inappropriate, but innocuous, comment by the court that defendant challenges on appeal was not an instruction to the jury on the law, did not invite the jury to speculate that certain portions of the charge were more important than others in their deliberations, and could not have caused any prejudice to defendant. The court's supplemental instructions were meaningful responses to the jury's inquiries (*see, People v Malloy*, 55 NY2d 296, 301). Concur—Sullivan, J. P., Milonas, Rosenberger and Williams, JJ.