■ JOHNSON CITY CENTRAL SCHOOL DISTRICT, Appellant, v FIDELITY AND DEPOSIT COMPANY OF MARYLAND et al., Defendants, and UNITED STRUCTURES OF AMERICA, INC., Respondent. [693 NYS2d 669] —Cardona, P. J. Appeals (1) from an order of the

Supreme Court (Coutant, J.), entered March 11, 1998 in Broome County, which granted a motion by defendant United Structures of America, Inc. for summary judgment dismissing the complaint against it, and (2) from the judgment entered thereon.

In April 1990, plaintiff entered into a contract with defendant Daniel J. Lynch, Inc. (hereinafter Lynch) for the construction of certain buildings to be used as bus garages and a maintenance facility. In connection therewith, Lynch entered into a contract with defendant United Structures of America, Inc. (hereinafter USA) to manufacture and supply prefabricated metal buildings which were subsequently erected by Lynch. In February 1994, two of the buildings collapsed following a heavy snowfall causing damage to plaintiff's property.

Plaintiff commenced this action against various defendants, including USA. The complaint against USA alleged causes of action for negligence, breach of express and implied warranties and strict products liability. Following joinder of issue, USA moved for summary judgment and Supreme Court granted the motion dismissing the negligence and strict products liability claims because plaintiff incurred only economic loss, and the breach of warranty claims due to plaintiff's lack of privity with USA. Plaintiff appeals.

Plaintiff concedes that it is not in privity with USA. It argues, however, that USA's motion should not have been granted in its entirety because it was the intended third-party beneficiary of the contract between Lynch and USA. While the complaint did not specifically allege such a cause of action, plaintiff notes that there is evidence in the record supporting that cause of action. Plaintiff maintains that Supreme Court should have construed the complaint liberally in light of the evidence and made a finding that plaintiff did allege a cause of action for breach of the Lynch-USA contract as an intended third-party beneficiary.

Initially, we note that pleadings should be liberally construed so as to afford a plaintiff every possible favorable inference on the basis of the facts alleged (*see, Leon v Martinez*, 84 NY2d 83, 87; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635). A complaint will not be dismissed for failure to state a cause of action under CPLR 3211 (a) (7) where affidavits or other documentary evidence submitted by the plaintiff demonstrate that a cause of action may exist (*see, Leon v Martinez, supra*, at 88; *Silberman v Flaum*, 225 AD2d 985, 986). That rule has been applied to cases in which summary judgment dismissing the plaintiff's complaint has been sought under CPLR 3212

(see, *Geller v Esikoff*, 165 AD2d 863, 865; *Chrysler Capital Corp. v Hilltop Egg Farms*, 129 AD2d 927, 928; *see generally, Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276).

In opposition to USA's motion for summary judgment, plaintiff adduced proof, consisting of affidavits and documentary evidence, establishing that it may have a cause of action as an intended third-party beneficiary for breach of the Lynch-USA contract. As we noted in *Binghamton Masonic Temple v City of Binghamton* (213 AD2d 742, 745, *lv denied* 85 NY2d 811): "A third party may recover as an intended beneficiary of a contract between others * * * if it is clear that the parties purposed to confer a benefit on that third party; furthermore, that benefit must be more than merely incidental to the benefits afforded the contracting parties, it must be such as to evince an intent to permit enforcement by the third party." Here, the contract documents exchanged between Lynch and USA identified plaintiff as the ultimate recipient of USA's product. In addition, USA's correspondence to Lynch indicated that plaintiff was Lynch's customer, further supporting the claim that Lynch, as the promisee in its contract with USA, intended to confer on plaintiff the benefit of USA's performance (see, *Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 100). Notably, Supreme Court even concluded in its decision that "[p]laintiff has submitted evidence from which one may find that it was an intended beneficiary of the contract". In view of the foregoing, the proof submitted by plaintiff raises questions of fact as to whether it has a cause of action as an intended third-party beneficiary for breach of the Lynch-USA contract. Consequently, defendant's motion should have been denied to that extent.

Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as dismissed plaintiff's cause of action for breach of the contract between defendant Daniel J. Lynch, Inc. and defendant United Structures of America, Inc. as an intended third-party beneficiary, and, as so modified, affirmed.