■ DAVID DOBIES, Appellant-Respondent, v ALENE BREFKA, Respondent-Appellant, and BERNICE BREFKA et al., Respondents. [694 NYS2d 499] —Graffeo, J. Cross appeals from an order of the Supreme Court (Kramer, J.), entered May 5, 1998 in Schenectady County, which, *inter alia*, partially granted motions by defendants to dismiss certain causes of action in plaintiff's amended complaint.

Underlying this case is a history of acrimonious relations between plaintiff and the mother of his two children and her parents. Following a lengthy custody dispute between plaintiff and defendant Alene Brefka (hereinafter defendant), plaintiff obtained temporary custody of the children in March 1996. Apparently in retaliation, defendant and her parents, defendants Bernice Brefka and Kenneth Brefka, filed nine complaints against plaintiff involving criminal charges or child abuse allegations, all of which were later dismissed or determined to be unfounded. This prompted plaintiff to commence this action alleging 25 causes of action sounding in defamation, abuse of process, malicious prosecution, tortuous interference with prospective economic advantage, conspiracy and violations of Mental Hygiene Law § 33.13.

After joinder of issue, defendant moved to dismiss pursuant to CPLR 3211, or in the alternative, for summary judgment under CPLR 3212. The Brefkas also moved to dismiss pursuant to CPLR 3211. Plaintiff cross-moved for leave to serve an amended complaint and opposed defendants' motions. Supreme Court partially granted the motions of defendant and the Brefkas and partially denied plaintiff's cross motion. Plaintiff and defendants now appeal.

Plaintiff contends that Supreme Court improperly dismissed the malicious prosecution causes of action alleged against all defendants. It is well settled that in a malicious prosecution action a plaintiff must establish, among other things, that the underlying criminal proceeding was terminated in his or her favor, which is satisfied when the final disposition involves the merits and indicates innocence on the part of the accused (*see, MacFawn v Kresler*, 88 NY2d 859, 860; *Christenson v Gutman*, 249 AD2d 805, 809; *Reinhart v Jakubowski*, 239 AD2d 765). Here, in response to being charged with harassment and endangering the welfare of a child, plaintiff moved to have the charges dismissed "in furtherance of justice" (CPL 170.30 [1] [g]). Although the certificates of disposition from the Watkins Glen Village Court stated that the charges were "[d]ismissed on the motion of the District Attorney", it is clear that the dismissal was in the interests of justice regardless upon whose motion it was based, which this Court has previously held does not constitute a determination on the merits or a manifestation of innocence (*see, Reinhart v Jakubowski, supra*, at 765; *MacLeay v Arden Hill Hosp.*, 164 AD2d 228, 230, *lv denied* 77 NY2d 806; *see also, DiCecilia v Early*, 234 AD2d 335, 336). Therefore, Supreme Court properly dismissed the malicious prosecution causes of action.

Plaintiff next contends that Supreme Court improperly dismissed the defamation cause of action against the Brefkas arising from statements made by the children's pediatrician to the child abuse telephone hotline. While it is undisputed that the Brefkas did not utter the alleged statements, plaintiff maintains that they should nonetheless be held liable because they conspired with the physician to defame plaintiff. However, New York does not recognize the independent tort of conspiracy (*see, Chiaramonte v Boxer*, 122 AD2d 13), so plaintiff's allegations of conspiracy to defame were appropriately dismissed by Supreme Court (*see, Rivera v Greenberg*, 243 AD2d 697; *Fisher v Bristol Myers*, 224 AD2d 657; *Pravda v County of Saratoga*, 224 AD2d 764, 766, *lv denied* 88 NY2d 809; *McGill v Parker*, 179 AD2d 98, 105).

The dismissal of the defamation claims against all defendants stemming from the publishing of information contained in plaintiff's mental health records allegedly in violation of Mental Hygiene Law § 33.13 was also proper. We concur with Supreme Court's determination that Mental Hygiene Law § 33.13 applies to disclosure by mental health care facilities and does not extend to private individuals who divulge mental health information, thereby rendering the claim defective.

With respect to dismissal of the defamation causes of action against defendant arising out of the repeated allegations of sexual molestation and physical abuse of the parties' child, the amended complaint sets forth the "particular words complained of, as well as the time, manner and persons to whom the alleged defamatory statements were made" (*Rabushka v Marks*, 229 AD2d 899, 900). The allegations were sufficiently detailed pursuant to CPLR 3016 (a) to withstand a motion to dismiss (*see, Saha v Record*, 177 AD2d 763, 766), and, therefore, Supreme Court properly denied that aspect of defendant's motion.

Also, Supreme Court's denial of defendant's motion seeking dismissal of plaintiff's abuse of process cause of action shall not be reversed. This cause of action is based on appearance tickets issued against plaintiff in May and June 1996 and apparently the criminal charges were not dismissed until September 1996. While a one-year limitations period pursuant to CPLR 215 (3) is applicable (*see, Bittner v Cummings*, 188 AD2d 504, 506), there is no conclusive determination as to when such a cause of action accrues (*see, e.g., Beninati v Nicotra*, 239 AD2d 242). While the Court of Appeals has held that in an action under Court of Claims Act § 10, "accrual of a cause of action for abuse of process need not await the termination of an action in claimant's favor" (*Cunningham v State of New York*, 53 NY2d 851, 853), here the abuse of process would not have been actionable until the proceeding was concluded since plaintiff would not have been able to allege that he suffered an injury without justification until the proceeding was terminated in September 1996. Therefore, the action was timely commenced. Moreover, the detailed allegations regarding defendant's abusive use of process (*see generally, Lieberman v Pobiner, London, Bashian & Buonamici*, 190 AD2d 716) were sufficient to withstand a motion to dismiss.

In contrast, the abuse of process causes of action pertaining to the Brefkas can not survive. Plaintiff failed to establish that the Brefkas used regularly issued process with the intent to cause harm (*see, Silberman v Flaum*, 225 AD2d 985; *Brown v*

*Bethlehem Terrace Assocs.*, 136 AD2d 222), especially in light of plaintiff's acknowledgment that it was defendant and not the Brefkas who made the allegations underlying the criminal charges.

Lastly, plaintiff, a physician, failed to plead any facts showing that he has been damaged in the form of lost opportunities for profits resulting from business diverted from him (*see, Butler v Delaware Otsego Corp.*, 218 AD2d 357). Therefore, Supreme Court appropriately dismissed the cause of action for tortuous interference with prospective economic advantage.

We have considered the parties' remaining contentions and have found them lacking in merit.

Mercure, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.