■ NICHOLAS PLATANIOTIS, Appellant, v TWE-ADVANCE/ NEWHOUSE PARTNERSHIP, Doing Business as TIME WARNER CABLE, et al., Respondents. [704 NYS2d 327] —Spain, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered May 21, 1999 in Tompkins County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff is the president and sole stockholder of the corporation that owns the Cosmopolitan Restaurant and Bar which he alone manages, located in the City of Ithaca, Tompkins County. It is undisputed that on June 28, 1997, defendant Thomas Doheny, an employee of defendant TWE-Advance/Newhouse Partnership, entered the Cosmopolitan and observed that a pay-per-view event was playing on the television sets located in the bar and that the unauthorized reception had been accomplished by means of tampering with the equipment of the cable company. It is also uncontroverted that the Cosmopolitan had not ordered or paid for the pay-per-view event. Doheny submitted a written report to defendant Gary J. Corbett, signal security director for TWE, who requested that the Ithaca Police Department initiate charges against the owner for theft of services and, if appropriate, possession of burglar's tools (i.e., illegal descramblers). When contacted, the City Prosecutor ultimately advised the City Police to charge both plaintiff and the Cosmopolitan. In October 1997, plaintiff was charged with theft of services pursuant to Penal Law § 165.15 (4), but the charges were subsequently dismissed upon the City's motion because of, *inter alia*, potential complications from the fact that plaintiff's presence at the bar on the night of the telecast was contested.

Plaintiff thereafter commenced this action alleging that TWE, Doheny and Corbett made false and malicious oral and written statements that damaged his reputation which were published with a reckless disregard for their truth. Plaintiff further alleged that these TWE defendants and defendant City of Ithaca maliciously prosecuted plaintiff for the offense of theft of services. After defendants answered, plaintiff moved, among other things, to amend his complaint a second time to include a cause of action for abuse of process. On defendants' motion for summary judgment, Supreme Court determined that, as a matter of law, plaintiff had not established the elements of either malicious prosecution or defamation, granted defendants summary judgment and found plaintiff's motions to be moot.

We affirm. First, we find that Supreme Court correctly dismissed plaintiff's malicious prosecution claim against all defendants. As relevant herein, a person is guilty of theft of cable television service when, with intent to avoid payment of the lawful charge for such service, he or she obtains or attempts to obtain such service for him or herself or another person or avoids or attempts to avoid payment for such service by tampering or making connection with the equipment of the service supplier (Penal Law § 165.15 [4] [a]). Proof that a cable television converter, descrambler or related equipment has been tampered with or connected to the supplier's equipment without the supplier's consent is presumptive evidence that the resident so receiving the service created or caused to be created the tampering or connection, with intent to avoid payment therefor (Penal Law § 165.15 [4] [third sentence]). Once tampering is established, a presumption arises that the person who tampered acted with the intent to avoid payment for the service (Penal Law § 165.15 [4] [fourth sentence]). It is settled law that probable cause exists when facts and circumstances would have led a reasonably prudent person in like circumstances to believe he or she had lawful grounds for prosecuting a person (*see, Colon v City of New York*, 60 NY2d 78, 82; *Butler v Ratner*, 210 AD2d 691, 693-694, *lv dismissed* 85 NY2d 924; *Colaruotolo v City of Cohoes*, 44 AD2d 616, *affd* 36 NY2d 716).

Here it is undisputed that, as charged, the Cosmopolitan received a pay-per-view event on its televisions, which was viewed by its patrons without ordering or paying for the telecast. Further, the code display on the cable converter box indicated an error, suggesting that the pay-per-view event had not been ordered and had been obtained by tampering with TWE's equipment. These direct and circumstantial facts would have led a reasonable person to conclude that the cable converter box at the Cosmopolitan had been used to descramble TWE's signal and that plaintiff, as the owner, created or caused to be created the tampering, providing probable cause to prosecute plaintiff for theft of services (Penal Law § 165.15 [4]; *see, Colon v City of New York, supra; Pandolfo v U.A. Cable Sys.*, 171 AD2d 1013; *see also, Butler v Ratner, supra; People v Frankel*, 129 Misc 2d 95, 101).

Further, the finding of probable cause was not dependent upon the applicability of the presumptions provided in Penal Law § 165.15 (4), as there was sufficient independent circumstantial and direct evidence to establish probable cause. In any event, we do not subscribe to plaintiff's contention that the use of the word "resident" in the language providing for presump-

tive evidence of tampering in Penal Law § 165.15 (4) (third sentence) confines the presumption or the crime solely to residential home customers. The legislative history reveals that when, in 1983, subdivision (4) (b) was added to Penal Law § 165.15 to proscribe the sale of theft-facilitating equipment, the presumptions were added to subdivision (4) to alleviate problems with proof in prosecuting telecommunications service theft (*see*, L 1983, ch 521; *see also*, Memorandum of Assemblyman Melvin N. Zimmer, 1983 NY Legis Ann, at 228). When, shortly thereafter, subdivision (4) (b) was amended essentially to clarify its scope, the term "person" in the first presumption in subdivision (4) was replaced with the word "resident" (*see*, L 1983, ch 522).

In our view, read in context, the use of the term resident to describe the person against whom that presumption is to be applied was simply intended to clarify that the person receiving the service inside a location in their control created or caused to be created the tampering or unauthorized connection, with intent to avoid payment. Thus, the word "resident" may encompass the lessee or resident of commercial premises such as plaintiff. Indeed businesses are considered residents in other contexts (*see*, CPLR 503 [c]; *see generally*, *Antone v General Motors Corp.*, 64 NY2d 20, 28; *State of New York v Collins*, 78 AD2d 295, 297).

Accordingly, Supreme Court properly determined that plaintiff failed to establish an essential element of a claim for malicious prosecution, namely, the absence of probable cause to prosecute plaintiff for theft of services (*see*, *Dobies v Brefka*, 263 AD2d 721, 722; *Hernandez v State of New York*, 228 AD2d 902, 904; *see also*, *Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Additionally, the City's voluntary and discretionary decision to discontinue the prosecution and move to dismiss did not result in a final determination in plaintiff's favor "on the merits", another element of a malicious prosecution cause of action (*see*, *MacFawn v Kresler*, 88 NY2d 859, 860; *Ward v Silverberg*, 85 NY2d 993; *Dobies v Brefka, supra*, at 722; *Reinhart v Jakubowski*, 239 AD2d 765; *Smith-Hunter v Harvey*, 257 AD2d 239, *lv granted* 94 NY2d 755).

We next turn to plaintiff's claim that he sufficiently alleged false statements in support of his claim for libel against the TWE defendants. To establish a prima facie case of libel, plaintiff must demonstrate a *false statement* which tends to " ' "expose the plaintiff to public contempt, ridicule, aversion or disgrace" ' " (*Foster v Churchill*, 87 NY2d 744, 751, quoting

*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied* 434 US 969, quoting *Sydney v Macfadden Newspaper Publ. Corp.*, 242 NY 208, 211-212). Further, CPLR 3016 (a) requires that the particular words of which a plaintiff complains be set forth in the complaint.

Paragraph 9 of plaintiff's amended complaint, on which he relies, sets forth that Corbett filed a written statement with police stating: "On June 28, 1997, employees of [TWE] conducted an investigation to determine how many commercial establishments were receiving the Tyson vs. Holyfield fight illegally between 9 P.M. and 12 A.M. The cost of receiving this Pay-Per-View event on fight night was $54.95 per customer. The following commercial establishments have been identified as unauthorized viewers: * * * Cosmopolitan Bar, 313 College Avenue, Ithaca, New York, owned by [plaintiff], 100 viewers, amount for service stolen $5,495.00." Corbett's statement was based upon Doheny's sworn statement that he observed the pay-per-view event being broadcast at the Cosmopolitan on that day, and TWE's business records reveal that the Cosmopolitan did not order or pay for the event. Neither TWE employee stated or alleged that plaintiff was present at the time of the telecast. Further, at his deposition, plaintiff did not testify that any aspect of either Doheny's or Corbett's statements was false. Therefore, although plaintiff's complaint sets forth the words of which he complains, plaintiff's claim must fail because he cannot establish an essential element of a prima facie case of libel, namely, a false statement (*see, Foster v Churchill, supra*, at 751). As such, Supreme Court correctly dismissed plaintiff's libel claim.

Finally, contrary to plaintiff's contention, Supreme Court appropriately denied his motion to serve a second amended complaint adding a claim for abuse of process. To establish a prima facie claim for abuse of process, plaintiff was required to demonstrate regularly issued process, either civil or criminal, an intent to do harm without excuse or justification, and use of the process in a perverted manner to obtain a collateral objective (*see, Curiano v Suozzi*, 63 NY2d 113, 116).

Here, plaintiff claims that the TWE defendants improperly caused criminal proceedings to be commenced against plaintiff to collect a civil debt, arising from receipt of the pay-per-view event without payment. However, plaintiff has completely failed to elicit facts establishing the TWE defendants' intent to harm plaintiff without excuse or justification and, indeed, the record reflects that TWE requested that the City file charges against the responsible party only after Doheny's personal

observations and a review of payment records for the event. Further, the fact that TWE may not have had the authority to sell the telecast to plaintiff or the Cosmopolitan certainly did not preclude the City from pursuing plaintiff to make restitution for having received it from TWE without authorization or payment. Plaintiff's having failed to establish a prima facie claim for abuse of process, Supreme Court properly denied plaintiff leave to amend his complaint (CPLR 3025 [b]).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with costs.