■ DAVID DOBIES, Appellant, v ALENE BREFKA et al., Respondents. [710 NYS2d 438] —Graffeo, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 14, 1999 in Schenectady County, which, *inter alia*, partially granted defendants' motions for summary judgment dismissing the complaint.

In the continuing saga of litigation between plaintiff and defendant Alene Brefka (hereinafter defendant), who have two children together, we are confronted with a second appeal in plaintiff's second action charging defendant and her parents, Bernice Brefka and Kenneth Brefka (hereinafter the Brefkas), with tortious conduct. The relevant history of the parties' relations and the issues addressed in the first action, which has since been consolidated with this action, are set forth in our previous decision (*Dobies v Brefka*, 263 AD2d 721).

In the action now before us, commenced in November 1998, plaintiff alleges eight causes of action sounding in defamation, abuse of process and tortious interference with economic advantage arising from statements defendants allegedly made to others to the effect that plaintiff neglected and abused the children. Defendants moved to dismiss the complaint for failure to state a cause of action and for summary judgment, and plaintiff cross-moved for consolidation of this action with the earlier case. Supreme Court partially granted defendants' motion, dismissing the complaint against the Brefkas and five causes of action against defendant, together with granting plaintiff's cross motion for consolidation.[1] Plaintiff appeals from so much of the order as dismissed certain of his causes of action.

Upon review of the entire record, we find that the eight causes of action were properly dismissed against the Brefkas. All but one emanated from statements allegedly made in a 911 emergency telephone call by defendant to the Oswego County Sheriff's office in November 1997 and to physicians who examined the parties' daughter in December 1997—the latter leading to child abuse hotline reports and the initiation of a child neglect proceeding. The Brefkas averred in Supreme

---

**1.** Claims for defamation against defendant and the Brefkas and abuse of process allegations against defendant are also pending in the first action.

Court that they did not initiate the 911 call and plaintiff failed to rebut this assertion, conceding in his affidavit that the call was placed by defendant. Similarly, the Brefkas contended that they made no statements to the doctors who filed the hotline reports and this account of events is corroborated by the deposition testimony of the physicians. Beyond conclusory statements to the contrary, there was no evidence submitted by plaintiff which contradicts the Brefkas' posture. To the extent plaintiff attempts to hold the Brefkas liable for actions taken by defendant under a civil conspiracy theory, we observe, as we stated in the previous appeal, that "New York does not recognize the independent tort of conspiracy" (*Dobies v Brefka*, *supra*, at 722; *see*, *Chiaramonte v Boxer*, 122 AD2d 13). Accordingly, because plaintiff failed to demonstrate that the Brefkas participated in the allegedly tortious conduct underlying the first seven causes of action, we find no reason to disturb the dismissal of these claims.

The eighth cause of action, a claim alleging that defendant and the Brefkas disseminated defamatory information concerning plaintiff's mental health to unnamed persons at times and places unknown to plaintiff, was also properly dismissed in its entirety as it failed to sufficiently articulate the "particular words complained of, as well as the time, manner and persons to whom the alleged defamatory statements were made" (*Rabushka v Marks*, 229 AD2d 899, 900; *see*, CPLR 3016 [a]).

We further concur with Supreme Court that the first three causes of action for defamation arising from the statements made during the 911 emergency call and to the physicians remain viable against defendant since it is undisputed that she communicated certain information. However, defendant is entitled to dismissal of the remaining causes of action against her. The 911 call does not give rise to an abuse of process claim because, although the Sheriff investigated the complaint, no process was issued nor was a proceeding initiated (*see*, *Curiano v Suozzi*, 63 NY2d 113, 116-117; *Butler v Ratner*, 210 AD2d 691, 693, *lv dismissed* 85 NY2d 924). In much the same vein, plaintiff's claim for abuse of process related to the initiation of the neglect proceeding also fails. Even assuming that plaintiff alleged a sufficient causal connection between defendant's statements and the commencement of the neglect proceeding,[2] there is no indication in the record that defendant actually used the proceeding for any purpose other than that for which

---

2. In their depositions, the physicians testified that they made the hotline reports based on statements made by the parties' daughter and upon their physical examination of the child. Similarly, the caseworkers, who did not

it was intended, i.e., to determine whether plaintiff had engaged in neglect (*see, Butler v Ratner, supra; Brown v Bethlehem Terrace Assocs.*, 136 AD2d 222).

The fifth cause of action, a defamation claim founded on defendant's statements to "various professionals and authorities" on or about December 17, 1997 regarding the filing of the neglect petition, was properly dismissed for failure to state with particularity the alleged defamatory statements made by defendant (*see, Rabushka v Marks, supra; see also*, CPLR 3016 [a]). In this cause of action, plaintiff merely reiterates the allegations contained in the neglect petition, without attributing or otherwise connecting any of these allegations to any particular statements made by defendant during the relevant time period.[3] Contrary to plaintiff's assertion, our decision in *Rossignol v Silvernail* (185 AD2d 497, *lv denied* 80 NY2d 760) does not salvage plaintiff's fifth cause of action. That case did not involve a challenge to the sufficiency of allegations in a complaint but rather stands for the proposition that it is appropriate for a court to entertain a motion pursuant to CPLR 3025 (c) to conform the pleadings to the proof presented at trial where the testimony of witnesses "clearly embrace[s]" the alleged slanderous statements recited in the complaint (*id.*, at 499).

Finally, we decline to reinstate the claim for tortious interference with economic advantage in the absence of an alleged act of interference with a contract or business relationship distinct from the general declaration of injury to reputation included in plaintiff's defamation claims. In that plaintiff bases his claim for relief on precisely the same substantive facts pleaded in those causes of action (*see, Gertler v Goodgold*, 107 AD2d 481, 490, *affd* 66 NY2d 946; *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63), he may pursue such damages in the pending causes of action if he establishes that he suffered the economic injuries so asserted.

Cardona, P. J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

interview defendant, indicated that they initiated the proceedings after receipt of the hotline calls and an interview with the parties' daughter.

**3.** The Department of Social Services caseworkers who investigated the hotline calls stated in their deposition testimony that they did not interview defendant in connection with this petition. Further, the caseworker who drafted the petition recalled that portions of the petition, particularly the allegation that plaintiff suffered from a mental illness, were based on information gleaned from interviews conducted in 1996 during a previous investigation.