■ CYNTHIA A. BELL, Appellant, v ALDEN OWNERS, INC., et al., Respondents. [750 NYS2d 27] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered November 16,

1999, which granted defendants' motion to dismiss plaintiff's first, second, fourth, sixth, seventh and eighth causes of action on res judicata and insufficiency grounds, and order, same court and Justice, entered January 24, 2001, which granted defendants' motion for renewal and, upon renewal, granted summary judgment to defendants dismissing plaintiff's third and fifth causes of action, unanimously affirmed, without costs.

Plaintiff's claims for wrongful eviction from her cooperative apartment and breach of contract (first, second and fourth causes of action) were properly dismissed on grounds of res judicata and collateral estoppel since plaintiff's eviction was previously found by the Civil Court to have been lawful.

Plaintiff's claims seeking an accounting of the apartment's sale proceeds and to hold defendant building owner liable for conversion of such proceeds (third and fifth causes of action) are moot and fail to state a cause of action, respectively. The record establishes that the building owner had provided plaintiff with an accounting of the sale proceeds, pursuant to the directives of the Bankruptcy Court, and that plaintiff failed to timely object to the accounting as further directed by the Bankruptcy Court's order. The conversion claim is without merit because the building owner's accounting reflected legal fees and costs accrued up to the time of the sale, to which it was entitled under the parties' proprietary lease, that exceeded the sale proceeds. Plaintiff's argument that the building owner did not sell the property in a commercially reasonable manner is refuted by the record and, in any event, her claim that she could have received more money for the apartment had the sale been postponed to await a rise in the market for cooperative apartments, would have required the building owner to engage in speculation and be subject to liability if the market further deteriorated. Plaintiff's claim of conversion of her personal effects during the move of her apartment belongings into storage was completely unsubstantiated. In any event, plaintiff had selected the movers and was obligated by court order to pay the storage fee and to insure the stored items.

Plaintiff's claim for defamation (sixth cause of action) was properly dismissed for lack of specificity (*see* CPLR 3016 [a]; *Dobies v Brefka*, 273 AD2d 776, *lv dismissed* 95 NY2d 931). The claimed defamatory remarks were alleged to have been made by unknown persons to certain unspecified individuals, at dates, times and places left unspecified. In any event, the claim was also defective because of plaintiff's failure to allege special damages (*see Liberman v Gelstein*, 80 NY2d 429). Plaintiff's contention that the challenged remarks constituted

an attack on her business reputation and amounted to slander per se, thereby obviating the need to show special damages, lacks a basis in the record. The challenged remarks, which referred to plaintiff's specific violations of her residential lease, were plainly unrelated to plaintiff's business and, as such, a showing of special damages was required (*see id.*). Moreover, the record establishes that defendants, who were obligated to oversee, inter alia, compliance with proprietary lease provisions, were protected in their remarks by a qualified privilege (*see id.*). Furthermore, the record also establishes that the challenged remarks constituted the truth, in that plaintiff was lawfully evicted for the violations spoken of, and truth is a complete defense to defamation claims (*see Dillon v City of New York*, 261 AD2d 34).

Plaintiff's claim for prima facie tort (seventh cause of action) was insufficiently pleaded in that she has not shown, nor can she establish, that her lawful eviction was carried out without excuse or justification (*see Curiano v Suozzi*, 63 NY2d 113).

Plaintiff's eighth cause of action alleging conspiracy was properly dismissed because conspiracy is not recognized as an independent tort in New York (*see Dobies v Brefka, supra*). Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.