MICHAEL FINK et al., Appellants, v SHAWANGUNK CONSERVANCY, INC., Respondent. [790 NYS2d 249]—

Spain, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered October 10, 2003 in Ulster County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

This action arises in the aftermath of a title dispute between defendant and plaintiffs to two parcels of property in the Town of Rochester, Ulster County, which ultimately was resolved in plaintiffs' favor (see *Shawangunk Conservancy v Fink*, 305 AD2d 902 [2003] [hereinafter *Shawangunk II*]; *Shawangunk Conservancy v Fink*, 261 AD2d 692 [1999] [hereinafter *Shawangunk I*]). Plaintiffs then commenced this action seeking damages for abuse of process, malicious prosecution and slander of title. Defendant moved for summary judgment and plaintiffs cross-moved for summary judgment. Supreme Court granted defendant's motion and dismissed the complaint. On appeal, plaintiffs challenge the dismissal of their claims for malicious prosecution and slander of title, and argue that summary judgment was premature.

We affirm. "To succeed on a claim for malicious prosecution, a plaintiff must show the initiation of an action or proceeding that terminated in favor of the plaintiff, lack of probable cause for the prior action or proceeding, malice and special injury" (*Williams v Barber*, 3 AD3d 695, 696-697 [2004] [citations omitted]; *see Colon v City of New York*, 60 NY2d 78, 82 [1983]; *Butler v Ratner*, 210 AD2d 691, 693 [1994], *lv dismissed* 85 NY2d 924 [1995]). We agree with Supreme Court that, because defendant had probable cause to commence the underlying action,

plaintiffs' cause of action for malicious prosecution cannot stand.

"Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York, supra* at 82 [citations omitted]). "Because 'obviously less in the way of grounds for belief will be required to justify a reasonable [person] in bringing a civil rather than a criminal suit,' when the underlying action is civil in nature the want of probable cause must be patent" (*Butler v Ratner, supra* at 693, quoting Prosser and Keeton, Torts § 120, at 893 [5th ed] [citations omitted]). In the underlying action, defendant asserted three independent bases for its claim to the disputed land: record ownership based on a 1994 quitclaim deed executed by a prior record owner, record ownership by virtue of a 1995 quitclaim deed from two other grantors, and adverse possession under color of title by the aforesaid 1995 deed.

In *Shawangunk I*, we concluded that plaintiffs were the record owners of the disputed land, but acknowledged that the deed by which plaintiffs acquired title was deficient in that it omitted descriptions of two of the five parcels which the deed, ostensibly, intended to convey. We affirmed Supreme Court's reformation of the deed to include the disputed parcels, based on its finding that the omission was unintended, the result of "either a scrivener's error or the recording office's loss of one or more pages of the deed" (*Shawangunk I, supra* at 694). However, we found issues of fact with respect to whether defendant had acquired the property through adverse possession (*id.* at 695). In *Shawangunk II*, we again recognized the "conflicting evidence" presented on the adverse possession claim but ultimately affirmed Supreme Court's finding that defendant had not acquired the property by adverse possession (*Shawangunk II, supra* at 904).

Given our prior findings that plaintiffs' deed was ambiguous, requiring court interpretation and reformation, and the material, triable questions of fact surrounding defendant's adverse possession claim, we have already established that defendant's arguments, although ultimately unsuccessful, were not frivolous or unsupported. This prior judicial recognition of potential merit of the underlying case creates a presumption that it did not lack probable cause, a presumption which plaintiffs have not overcome (*see Hornstein v Wolf*, 67 NY2d 721, 723 [1986]; *Butler v Ratner, supra* at 693-694). Indeed, the record demonstrates that defendant had assembled sufficient evidence to support its claim to title prior to commencing suit. A firm experienced in

land surveying and research, hired by defendant to determine the ownership of the disputed parcels, concluded and reported to defendant that plaintiffs were not the owners, prompting defendant to acquire, for consideration, the deeds from the purported true owners, upon which it based the underlying action.

Supreme Court also properly dismissed plaintiffs' cause of action for slander of title. "The elements of slander of title are (1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages" (*Brown v Bethlehem Terrace Assoc.*, 136 AD2d 222, 224 [1988]; *see Carnival Co. v Metro-Goldwyn-Mayer*, 23 AD2d 75, 77 [1965]). Plaintiffs rely on defendant's recording of the 1994 quitclaim deed, certain letters to local newspapers and articles in its newsletter in which defendant and its president asserted ownership of the disputed property. We find no evidence of the malicious intent necessary to support a cause of action for slander of title and, given our conclusion that defendant had probable cause to claim title to the disputed property, these public assertions cannot be said to have been made "with a reckless disregard for their truth or falsity" (*Hirschhorn v Town of Harrison*, 210 AD2d 587, 588 [1994]; *see Cosme v Town of Islip*, 63 NY2d 908, 909 [1984]).

We have considered and rejected plaintiffs' remaining contention that summary judgment was premature inasmuch as they "did not make the required showing that 'further discovery may raise a triable issue of fact'" (*Williams v General Elec. Co.*, 8 AD3d 866, 867 [2004], quoting *Mitchell v Atlas Copco N. Am.*, 307 AD2d 635, 636 [2003]). Thus, although mindful of the frustration and expense which plaintiffs endured in the successful defense of their title, we conclude that Supreme Court's dismissal of the instant action was in all respects proper.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.