■ THOMAS R. HUDSON, JR., Appellant, v GOLDMAN SACHS & Co., INC., Respondent. [725 NYS2d 318] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 18, 2000, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate the fifth cause of action for violation of the right to electronic privacy, and the sixth cause of action for defamation, and otherwise affirmed, without costs.

Plaintiff alleges that he was discharged from defendant's employ for having an extramarital affair with a co-employee. His cause of action under Labor Law § 201-d (2) (c) was properly dismissed on the ground that romantic relationships are not protected "recreational activities" within the meaning of that provision (*see, State of New York v Wal-Mart Stores,*

207 AD2d 150). Nor does plaintiff state a cause of action for any form of discrimination. His female paramour, who was single, was also terminated, undermining any claim of discrimination on the basis of sex or marital status. His claim of religious discrimination is irrelevantly based on his supervisor's religious beliefs rather than his own, which beliefs, in any event, do not necessarily reflect religious conviction (*cf.*, Domestic Relations Law § 170 [4]). His claim of sexual orientation discrimination is based on pure speculation that he would not have been terminated had his affair been homosexual rather than heterosexual, and undermined by his allegation that the religiously intolerant supervisor responsible for his termination also had an animus for homosexuals. Also properly dismissed was plaintiff's cause of action for breach of contract, there being no dispute that he was an at-will employee. We reject plaintiff's argument that his discharge shortly before he could have participated in a public offering of defendant's stock that would have been worth millions to him shows such egregious bad faith on defendant's part as to warrant a departure from the at-will doctrine.

However, we reinstate plaintiff's cause of action for defamation, which he interposed after a newspaper article about this lawsuit reported that unnamed employees of defendant were saying that plaintiff was terminated not for having an affair but for denying it when his superiors asked him about it. Defendant's argument that the comments attributed to it in the article were a substantially accurate description of its position in the lawsuit, and therefore privileged under Civil Rights Law § 74, is premature, since it has yet to serve an answer or other sworn statement taking a position with respect to its reasons, if any, for terminating plaintiff. Nor is there merit to defendant's argument that the suggestion in the article that plaintiff lied about his affair is not actionable absent allegations of special damages (*see*, *Matherson v Marchello*, 100 AD2d 233, 236-237).

We also modify to reinstate the cause of action alleging that defendant learned about plaintiff's affair by intercepting his e-mail, and thereby violated his right to electronic privacy under 18 USC §§ 2511 and 2520. Although the statute prohibits only intercepts that are contemporaneous with transmission, i.e., the intercepted communication must be in transit, not in storage (*see*, *Wesley Coll. v Pitts*, 974 F Supp 375, 385-386 [D Del], *affd* 172 F3d 861 [3d Cir]), an allegation that there was an intercept is sufficient for pleading purposes, and the question of contemporaneousness should be addressed after joinder

of issue. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.