■ THOMAS R. HUDSON, JR., Appellant, v GOLDMAN SACHS & Co., INC., Respondent. [757 NYS2d 541] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 10, 2002, which, in an action arising out of the termination of plaintiff's employment with defendant, granted defendant's motion to dismiss plaintiff's cause of action for defamation, unanimously affirmed, without costs.

Plaintiff's cause of action for defamation was interposed by

amendment after a newspaper article about this lawsuit reported that unnamed employees of defendant were saying that defendant terminated plaintiff not for having an extra-marital affair with a co-employee but for denying the affair when his superiors asked him about it, thereby allegedly impugning plaintiff's honesty. On a prior appeal from an order dismissing the complaint, we reinstated the cause of action for defamation because "[d]efendant's argument that the comments attributed to it in the article were a substantially accurate description of its position in the lawsuit, and therefore privileged under Civil Rights Law § 74, is premature, since it has yet to serve an answer or other sworn statement taking a position with respect to its reasons, if any, for terminating plaintiff" (283 AD2d 246, 247 [2001]). Subsequently, defendant served an answer stating that the newspaper report was "absolutely true," and that defendant "has no policy prohibiting any type of personal relationship between employees," but "does, however, require that employees advise the firm of personal relationships that may impact the firm's business" by, for example, creating the appearance of a conflict of interest. On the basis of this answer, defendant renewed its motion to dismiss the defamation cause of action, which the motion court correctly granted. This Court's prior order did not hold, as plaintiff contends, that defamatory statements contained in reports of judicial proceedings published before joinder of issue are not privileged under Civil Rights Law § 74. Rather, at that time, it could not be said that the newspaper article was a substantially accurate report of defendant's position in this lawsuit before defendant had taken a position, not in an unsworn brief but in something more formal and binding such as a pleading. Nothing about Civil Rights Law § 74 suggests that a person served with a summons and complaint should not feel free and safe to announce its position, and otherwise make its first response to the allegations against it, in a forum other than court. Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.