**Jeffrey SILVER, Plaintiff–Appellant,**

v.

**Christine KUEHBECK, Thomas Ryan, Carl Bernstein and Jonathan Abady, Defendants–Appellees,**

John Does 1–20, Defendants.

No. 05–6316–cv.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Robert K. Erlanger, New York, New York, for Plaintiff–Appellant.

O. Andrew F. Wilson, Emery Celli Brinckerhoff & Abady LLP (Jonathan S. Abady, on the brief), New York, New York, for Defendants–Appellees Christine Kuehbeck and Carl Bernstein.

Susan Choi–Hausman, Senior Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider

Dolgow, Seth Eichenholtz, of counsel), New York, New York, for Defendant–Appellee Thomas Ryan.

Andrew G. Celli, Emery Celli Brinckerhoff & Abady LLP (Victor A. Kovner, Davis Wright Tremaine LLP, on the brief), New York, New York, for Defendant–Appellee Jonathan S. Abady.

Present: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. B.D. Parker, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jeffrey Silver appeals from the November 7, 2005 decision of the United States District Court for the Southern District of New York (Patterson, J.), *Silver v. Kuehbeck,* No. 05 Civ. 0035, 2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005), granting the defendants-appellees' motions to dismiss Silver's claims. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

*Motion to Supplement the Record*

We first address Silver's motion to supplement the record because the documents he seeks to introduce allegedly form the heart of his appeal of the dismissal of both the malicious prosecution and abuse of process claims. None of the four documents, including the desk appearance ticket ("DAT"), which was allegedly given to Silver after his August 10 arrest, were ever entered into the record, nor, it seems, shown either to the Court or to all the parties. The district court opinion does not mention or reference any of these documents.

Because these documents were not part of "the original papers and exhibits filed in the district court," Fed. R.App. P. 10(a), they are not "considered part of the record on appeal" and we review only material that is part of the record below. 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3956.1 (3d ed. 1999) ("[An] appellate court will not consider material that is not part of the record."); *cf. Fox v. Bd. of Trustees of State Univ. of N.Y.,* 42 F.3d 135, 143 (2d Cir.1994) (refusing to supplement the record on appeal of a motion to dismiss because the affidavits were "not a proper supplement to the record"). Moreover, Federal Rules of Appellate Procedure 10 and 11 place the burden on the appellant to ensure that all documents necessary to determine the appeal are made a part of the record on appeal. *See* Fed. R.App. P. 10 and 11(a). Silver made no attempt to file with the district court the documents alleged to have been submitted to the trial court for *in camera* review nor to ensure that the record on appeal contained such documents until he filed his reply brief with this Court. Because he has not met his burden nor demonstrated that the documents were part of the record below, we deny Silver's motion.[1]

For similar reasons, we deny Abady's motion to supplement the record because while the exhibits he seeks to add were filed with the district court, Judge Patterson ordered them struck from the record. *See* Docket # 22, Endorsed Letter, dated Apr. 14, 2005 at 4, *Silver v. Kuehbeck,* No. 05 Civ. 0035, 2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005).

*Malicious Prosecution*

■ As noted above, Silver has waited until the proverbial last minute—in this

---

1. Our determination is further buttressed by the fact that Silver had "ample opportunity to present any appropriate [evidence]" addressing possible errors in his Complaint. *Fox,* 42 F.3d at 143 (noting that in refusing to supplement the record on appeal, two years had passed before plaintiffs attempted to supplement the record despite notice of the concerns of the district court that ultimately lead to dismissal).

case, his reply brief before this Court—to seek supplementation of the record with the DAT and other documents that may or may not have been presented to the district court for *in camera* review. Because of his failure to create a sufficient record, we need not pass on the merits of this appeal with respect to these documents. *See Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000) (failure to file transcripts pursuant to Rule 10 "deprives this Court of the ability to conduct meaningful appellate review," which permits dismissal of the appeal); 16A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3956.1 ("Failure to provide a sufficient record to support informed review of district-court determinations may lead either to dismissal of the appeal or to affirmance for inability to show error."). Certainly, in considering the record properly before us, we cannot say that the district court erred in its determination here; there was no indication in the Complaint—nor can one reasonably be inferred—that a criminal proceeding had been initiated against Silver. As such, a malicious prosecution claim cannot lie. *Russell v. Smith,* 68 F.3d 33, 36 (2d Cir.1995) (initiation of a proceeding is a required element of a malicious prosecution claim).

*Abuse of Process*

■ We find no merit to Silver's arguments regarding the district court's dismissal of his abuse of process claim. We first note that the Complaint identifies the specific process abused as "a criminal complaint and an affidavit," but his briefs to this Court focus almost exclusively on the DAT. For the reasons discussed above, however, the DAT is not properly before this Court and we construe plaintiff's argu-

ments to cover the processes that he actually enumerated in his Complaint. We find, as the district court did, that plaintiff did not adequately plead that either the criminal complaint or affidavit were improperly used because they in fact were employed for the very purpose of their filing, namely Silver's arrest for harassment and an order of protection. *See Hauser v. Bartow,* 273 N.Y. 370, 374, 7 N.E.2d 268 (1937) (no abuse of process where defendant "used the process of the court for the purpose for which the law created it"); *Savino v. City of New York,* 331 F.3d 63, 77 (2d Cir.2003) (same). Indeed, courts have dismissed abuse of process claims for this reason where, as here, an ex-wife allegedly filed false allegations of abuse and harassment to obtain a protective order against her ex-husband for the "ulterior and illegitimate" frustration of her ex-husband's life. *Butler v. Ratner,* 210 A.D.2d 691, 619 N.Y.S.2d 871, 873 (3d Dep't 1994). In such cases, "the falsity of the allegations and defendant's malicious motive in making them do not, of themselves, give rise to a cause of action for abuse of process" where "the process was both issued and used for its intended purpose." *Id.* (internal citations omitted). We therefore affirm the district court's dismissal of the abuse of process claim.

*Tortious Interference*

■ There is no merit to Silver's argument that the district court erred in dismissing his claim against Bernstein for tortious interference with business relations. The Complaint failed to allege that defendants interfered with plaintiff's business relationship *solely* to harm him or that he used wrongful means in doing so. *Purgess v. Sharrock,* 33 F.3d 134, 141 (2d Cir.1994).[2] Moreover, New York courts

2. Silver also raises in his reply brief the new argument that defendant Bernstein used wrongful means by placing economic pres-

sure on Wolf Popper. We need not reach an issue that is argued first in reply. *Riverkeeper,*

recognize a limited immunity for spouses to shield them from liability for advice or counsel regarding their partner's business relationships. *Joel v. Weber*, 153 Misc.2d 549, 581 N.Y.S.2d 579, 581 (N.Y.Sup.Ct. 1992) ("The persuasive ability of either spouse to cause the other to alter business relationships should not be subject to judicial scrutiny as to the propriety thereof" absent wrongful conduct, such as physical threats or fraud.); 72 N.Y. Jur.2d Interference § 23 (similar). Thus, the district court correctly dismissed Silver's claims.

### False Arrest

Silver is correct that for a false arrest claim, probable cause is an affirmative defense. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or § 1983.") (internal quotation marks and citations omitted). "[A]n affirmative defense is normally asserted in an answer," *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir.2004), but we have held that courts may grant a pre-answer motion to dismiss on the basis of an affirmative defense where such defense appears on the face of the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998); 5A Wright & Miller, *Federal Practice and Procedure* § 1277. This defense may be demonstrated by, *inter alia*, facts admitted in the complaint which establish "each of the elements of the

crime." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995) (finding probable cause where "facts as presented to [the arresting officer] established each of the elements ... of larceny.").

■ While the district court did not explicitly undertake the above analysis when deciding the motion to dismiss, in our own *de novo* review, *Stuto v. Fleishman*, 164 F.3d 820, 824 (2d Cir.1999), we find that the Complaint on its face supports a finding that Ryan had probable cause to arrest Silver. Indeed, the Complaint admits that after Silver's "agitation had grown to anger" on August 3, 2004, he attempted to contact Kuehbeck and left messages "about her evident lack of consideration and disrespect" and that Kuehbeck subsequently went to the police to complain about these calls, claiming harassment. Such undisputed facts clearly establish the elements of aggravated harassment, N.Y. Penal Law § 240.30(1), for which Silver was arrested.[3]

Finally, we find no merit to Silver's contention that Ryan lacked probable cause because Silver "produced evidence that Kuehbeck was feeding Ryan false information" such that "Ryan clearly did not believe he had probable cause." It is axiomatic that "[o]nce officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury," *Krause v. Ben-*

---

*Inc. v. Collins*, 359 F.3d 156, 166 n. 11 (2d Cir.2004). Moreover, nowhere in the Complaint is it alleged that Bernstein improperly placed economic pressure on Wolf Popper because mere urging—absent more specific allegations—does not rise to the level of wrongful conduct. *Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 216 (2d Cir.2003) (economic pressure must be more than simply a form of persuasion and requires specific allegations about the methods of economic pressure applied).

3. While Silver alleges that even Ryan did not think these messages were threatening, probable cause is not a subjective determination, but rather an objective one. *See United States v. $557, 933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 85 (2d Cir.2002) ("[T]he determination of probable cause is an objective one, to be made without regard to the individual officer's subjective motives or belief as to the existence of probable cause.").

*nett,* 887 F.2d 362, 372 (2d Cir.1989), even "where a police officer was presented with different stories from an alleged victim and the arrestee," *Curley v. Village of Suffern,* 268 F.3d 65, 70 (2d. Cir.2001); *see also Krause,* 887 F.2d at 372 ("It would be unreasonable and impractical to require that every innocent explanation for activity that suggests criminal behavior be proved wrong, or even contradicted, before an arrest warrant could be issued with impunity."). Accordingly, we find that Ryan properly asserted the affirmative defense of probable cause in his pre-answer motion, which the district court correctly granted.

*Defamation*

■ We are mindful that New York Civil Rights Law section 74 appears to require that a formal litigation posture be adopted by a defendant before a court may determine whether section 74 protects defendant's comments or discussion of the case. *Hudson v. Goldman Sachs & Co., Inc.,* 283 A.D.2d 246, 725 N.Y.S.2d 318, 320 (1st Dep't 2001) ("[T]hat the comments attributed to [defendant] ... were ... privileged under [section 74] is premature, since it has yet to serve an answer or other sworn statement taking a position with respect to its reasons, if any, for terminating plaintiff."); *Long v. Marubeni Am. Corp.,* 406 F.Supp.2d 285, 295–96 (S.D.N.Y.2005) (denying dismissal motion because section 74 motion was "premature" as defendant had not yet answered). We, however, are faced with a situation where a case has been dismissed on the merits prior to defendants filing an answer to the complaint. Under these circumstances, we believe the appropriate course is to derive Abady's formal position from the Complaint and those documents integral to the Complaint. The Complaint in this case makes numerous references to Kuehbeck's affidavit to the District Attorney, specifically noting that her affidavit cited "various purported incidents over the ten years in an effort to support her charges" against Silver.

Because we may take Kuehbeck's August 19, 2004 affidavit as Abady's formal litigation position with respect to the section 74 claim, it is clear to this Court that a "comparison of the allegations attributed to defendant in the newspaper article ... with the allegations set forth in the underlying [affidavit] in the action which was the subject of the article, is persuasive that the statements attributed to the defendant [at issue in a separate defamation lawsuit] were privileged" under section 74. *Ford v. Levinson,* 90 A.D.2d 464, 454 N.Y.S.2d 846, 847 (1st Dep't 1982). Indeed, the article taken as a whole, *see id.* at 848, is a "fair and true report" of a "judicial proceeding," N.Y. Civ. Rights Law § 74.

*Recusal*

We need not reach the merits of Silver's argument that the district court below abused its discretion in not granting his motion for recusal because Silver did not bring such motion "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir.1987). Indeed, after the April 18, 2005 settlement conference, from which Silver was "left with no choice but to assume that what transpired ... may have colored" the district court's perception, Silver continued to litigate the case for two more months, even appearing before the Court for oral arguments on the motion to dismiss on May 23 without requesting recusal. It thus appears that Silver held back his "recusal application as a fall-back position in the event of adverse

**24**

rulings on pending matters." *Gil Enters., Inc. v. Delvy,* 79 F.3d 241, 247 (2d Cir. 1996) (internal quotation marks and emphasis omitted). Finding no good cause for the delay in the motion's filing, we find the recusal motion was untimely. *Omega Eng'g, Inc. v. Omega, S.A.,* 432 F.3d 437, 448 (2d Cir.2005) (finding motion untimely where after a settlement conference, parties continued litigating for seven months before plaintiff raised the recusal issue); *Apple,* 829 F.2d at 334 (finding two-month delay excessive).

*Sanctions*

Finally, defendant Abady has moved this Court to impose sanctions against Silver, who in his reply papers has sought not only to defend himself from such penalties but to suggest that this Court sanction Abady. Because we find that neither Abady's nor Silver's positions regarding New York Civil Rights Law section were "frivolous," *Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525 (2d Cir.2005), we decline to impose sanctions on either party.

Accordingly, for the reasons above, the judgment of the district court is hereby AFFIRMED. The motions for sanctions and to supplement the record filed by plaintiff Silver and defendant Abady are all DENIED.