| |
|:-:|
| **Hines v City of New York** |
| 2024 NY Slip Op 30781(U) |
| March 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152916/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. HASA A. KINGO** | PART | 05M |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------------X

BARAN HINES,

                            Plaintiff,

                    - v -

THE CITY OF NEW YORK, GOOD SAMARITAN VILLAGE

                        Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 152916/2023 |
|---|---|
| MOTION DATE | 09/08/2023, 10/17/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 74

were read on this motion to/for                   DISMISSAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73

were read on this motion to/for          JUDGMENT - SUMMARY       .

       On motion sequence 002, defendant CITY OF NEW YORK ("Defendant City") moves, pursuant to CPLR §§3211 (a)(5) and (a)(7), for dismissal pursuant of plaintiff BARAN HINES' ("plaintiff") complaint as against it. Separately, on motion sequence 003, defendant GOOD SAMARITAN VILLAGE ("Defendant Good Samaritan") moves for the same relief. Plaintiff opposes the motions, and cross-moves for an order granting plaintiff an extension of time to complete discovery. For the following reasons, defendants' respective motions are granted, and plaintiff's cross-motion is denied.

## BACKGROUND AND ARGUMENTS

       On June 20, 2022, Notice of Violation ("NOV") 799[1] was issued to the owner of a vehicle identified as a Ford Suburban with Colorado license plate AMGE39. NOV 799 cited a violation of Title 34 RCNY §4-08(j)(2), which states that a vehicle required to bear a license plate "shall not stand or park… unless such vehicle properly displays the current plate or plates issued to it." Furthermore, Title 34 RCNY §4-08(j)(2) specifies that vehicles bearing New York plates shall not, among other things, "be covered by glass or any plastic material." Comments on NOV 799 noted, "Back plate has plastic cover. Photo taken. Covered by Plastic."

---

[1] The full number of the Notice of Parking Violation is 8933198799, but for brevity is referred to as NOV 799 throughout the decision.

**152916/2023   HINES, BARAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002 003**

**Page 1 of 9**

[* 1]

On July 29, 2022, NOV 277[2] was issued to the owner of a vehicle identified as a Ford Suburban with Colorado license plate AMGE39. NOV 277 cited a violation of Title 34 RCNY §4-08(j)(2). Comments on NOV 277 were identical to those on NOV 799: "Covered by Plastic." On August 5, 2022, Plaintiff contested NOV 799 and NOV 277 at a hearing before Administrative Law Judge (ALJ) Margaret Trimarchi. Concerning NOV 799, ALJ Trimarchi dismissed it for failing "to cite a violation applicable to out-of-state [license] plate." Regarding NOV 277, ALJ Trimarchi found that "failure to cite which plate is in violation" warranted dismissal, though she noted dismissal was "not on merits of case presented." Plaintiff filed notices of claim related to NOV 799 and NOV 277 on August 5, 2022. On March 10, 2023, Plaintiff and his attorney Gary S. Fish attended 50-h hearings for both NOV 799 and NOV 277.

On March 30, 2022, Plaintiff alleges that he resided at Samaritan Village (East 53rd Street Shelter). Additionally, Plaintiff alleges that on March 30, 2022, he was transferred from Samaritan Village to a shelter on Randall's Island. By notice of claim dated August 9, 2022, Plaintiff asserted a claim for, among other things, "[b]reach of [t]hird [p]arty [b]eneficiary of Good Samaritan Village/Help USA/ The City of New York contract." On March 10, 2023, Plaintiff attended a 50-h hearing for his claim regarding March 30, 2023 transfer.

By Agreement dated July 11, 2013 (the "Agreement"), City, through DHS, entered into an agreement with Samaritan Village, Inc. ("Samaritan Village" or "Contractor") to provide "Shelter to eligible homeless adults." Pursuant to Appendix B of Agreement, Samaritan Village was to "operate a transitional residence for homeless adults" at 225 East 53rd Street, New York, New York, New York (the "Building"). Terms of Agreement provided that Samaritan Village would "operate and manage Building to provide transitional housing for homeless adults and to provide ancillary services related thereto," including but not limited to developing shelter rules and regulations, placing discharged shelter residents into appropriate settings, supervising shelter programs, and providing case management services. Agreement was renewed by Renewal Agreement dated June 28, 2018.

Plaintiff commenced instant action by summons and complaint, dated March 18, 2023, and alleged two causes of action for "Malicious Prosecution" with respect to NOVs 799 and 277. Plaintiff also alleged cause of action for "Negligence" based upon his alleged transfer to shelter on Randall's Island on March 30, 2022. By stipulation dated April 12, 2023, parties agreed to extend Defendant City's time to answer or otherwise respond to complaint to June 14, 2023. Defendant City filed a motion to dismiss Plaintiff's complaint on June 14, 2023. On June 16, 2023, Plaintiff filed an amended complaint. By stipulation dated July 6, 2023, the parties agreed to extend Defendant City's time to answer or otherwise respond to amended complaint to September 8, 2023. On July 26, 2023, Plaintiff filed an affirmation in opposition to Defendant City's motion to dismiss complaint. On August 4, 2023, this court issued a decision and order denying Defendant City's motion to dismiss as moot due to the amended complaint superseding the original complaint.

On August 9, 2023, Defendant Good Samaritan filed an answer to the amended complaint. On August 12, 2023, Plaintiff filed a Bill of Particulars and response to Defendant Good Samaritan's "Omnibus Discovery Demands."

---

[2]The full number of the Notice of Parking Violation is 8837348277, but for brevity is referred to as NOV 277 throughout the decision.

152916/2023   HINES, BARAN vs. THE CITY OF NEW YORK ET AL
Motion No.  002 003

Page 2 of 9

[* 2]

In first, third, and fourth causes of action of the amended complaint, Plaintiff seeks damages in amount of $100,000.00 as well as costs and disbursements. In the second and fifth causes of action, Plaintiff seeks damages in the amount of $100,000.00 as well as punitive damages and "exemplary" damages in the amount of $300,000.00, plus costs and disbursements.

In support of its motion Defendant City argues that all five causes of action asserted by Plaintiff fail to state a cause of action upon which relief may be granted and additionally, the second and fifth causes of action are also time barred by the applicable statute of limitations.

Specifically, Defendant City contends that the first and fourth causes of action alleging malicious prosecution must be dismissed as they fail to state a cause of action. Defendant City further contends that the second and fifth causes of action must be dismissed as Plaintiff failed to timely file a notice of claim for abuse of Process and also because each cause of action fails to state a claim for abuse of process. Defendant City further avers that the third cause of action must be dismissed as the amended complaint fails to state a cause of action for breach of contract or establish that Plaintiff was a third-party beneficiary of a contract between the City and Defendant Good Samaritan.

Separately, Defendant Good Samaritan argues in support of its motion that Plaintiff failed to state a cause of action against it. First, Defendant Good Samaritan submits that it does not have any type of contract with Plaintiff. Thus, Defendant Good Samaritan argues that there can be no breach of contract claim against it. Defendant Good Samaritan further avers that Plaintiff was not a beneficiary to any type of contract between Defendant City and Defendant Good Samaritan.

Lastly, Defendant Good Samaritan argues that it did not have any involvement or control over which residents were transferred to different shelters. Accordingly, Defendant Good Samaritan argues that Plaintiff has failed to state a viable cause of action as against it.

In opposition, plaintiff contends that Defendant City's motion is violative of the "single motion rule" and that the amended complaint properly alleges all causes of action against Defendant City and Defendant Good Samaritan. Plaintiff also cross-moves for an order granting an extension of time to complete discovery.

### DISCUSSION

"On a motion to dismiss a cause of action pursuant to CPLR §3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, *prima facie*, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011][*quoting Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008]); *see also Gravel v Cicola*, 297 AD2d 620 [2d Dept 2002]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2d Dept 2013]; *see MTGLQ Investor, LP v Wozencraft*, 172 AD3d 644 [1st Dept 2019]; *Epiphany Community Nursery School v Levey*, 171 AD3d 1 [1st Dept 2019]; *J.A. Lee Elec., Inc. v City of*

152916/2023 HINES, BARAN vs. THE CITY OF NEW YORK ET AL Page 3 of 9
Motion No. 002 003

3 of 9

[* 3]

*New York*, 119 AD3d 652 [2d Dept 2014]). A plaintiff's submissions in response to the motion "must be given their most favorable intendment" (*Benn*, 82 AD3d at 548, *supra quoting Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982]).

On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

**Single Motion Rule**

Here, prior to addressing the grounds for dismissal, the court turns to Plaintiff's contention that Defendant City's motion to dismiss the amended complaint is impermissible pursuant to CPLR §3211(e). CPLR §3211(e) provides in pertinent part as follows: At any time before service of the responsive pleading is required, a party may move on one or more grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted.

Plaintiff concedes that the complaint filed on March 29, 2023 was "rendered nugatory" by the filing of the amended complaint on June 14, 2023. Therefore, since Plaintiff's first complaint was rendered "without legal effect" by the filing of the amended complaint, Defendant City's instant motion to dismiss the amended complaint is not improper pursuant to CPLR §3211(e). Moreover, it is firmly established that in cases where an original motion to dismiss a complaint pursuant to CPLR §3211(a) is not determined on its merits, a subsequent motion to dismiss under CPLR §3211(a) does not violate the single motion rule outlined in CPLR §3211(e). (*see Chester Med. Diagnostic, P.C. v. State Farm Mut. Auto. Ins. Co.*, 26 Misc. 3d 126[A][App. Term 2d. Dept. 2009]) *citing Curtis v. Chetrit*, 243 AD2d 423 [1st Dept 1997][finding that "granting of

152916/2023   HINES, BARAN vs. THE CITY OF NEW YORK ET AL
Motion No.  002 003

Page 4 of 9

4 of 9

[* 4]

defendants' cross motion was not a violation of the single motion rule CPLR §3211[e] since defendant's original motion to dismiss had been held in abeyance[.]; *Rivera v. Board of Education of the City of New York*, 82 AD3d 614, 614 [1st Dept 2011][Where defendant first filed a motion seeking to dismiss either on the pleadings or on summary judgment that was denied as premature and then subsequently filed a motion seeking to dismiss solely for failure to state a cause of action, the second motion did not "violate the single motion rule since the prior motion was not decided on the merits"]).

In this case, Defendant City filed a motion to dismiss the complaint on June 14, 2023. Subsequently, Plaintiff filed an amended complaint. On August 4, 2023, the motion by Defendant City to dismiss the original complaint was rejected as moot. Since the denial of Defendant City's June 14, 2023 motion to dismiss the complaint was grounded in mootness rather than on the merits, the current motion to dismiss the amended complaint does not contravene the single motion rule.

**Malicious Prosecution**

Turning to the grounds for dismissal, here the court finds that the amended complaint does not state a viable cause of action for malicious prosecution. Concerning that cause of action, the amended complaint asserts, in both the first and fourth causes of action, that NOVs 799 and 277 were "legally insufficient on [their] face, [had] no factual or legal basis, and [were] largely motivated by ill will, scorn, and/or malice directed at the plaintiff." Plaintiff alleges that defendants' actions resulted in "anxiety, stress, and humiliation, along with reasonable attorney fees and costs" (*see* amended complaint ¶¶ 2-3 and 17-18).

The elements of the tort of malicious prosecution are (1) prosecution of a civil action against the plaintiff, (2) by at or the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury (*Teller v. Galak*, 162 AD3d 959, 960 [2d Dept 2018][*citing 347 Central Park Assoc., LLC v. Pine Top Assoc.*, 144 AD3d 785, 785-86 [2d Dept 2016]). Special injury has been defined as "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (*Engel v. CBS*, 93 NY2d 195, 205 [1999]; *see also Honzawa v. Honzawa*, 268 AD.2d 327, 329 [1st Dept 2000][noting that "[i]t has been held that [a cause of action for malicious prosecution additionally requires a showing of some special damage to, or interference with, personal or property rights beyond the damages normally attendant upon being sued"]).

Plaintiff has not provided any factual support for the argument that NOVs 799 and 277 were issued with actual malice. The amended complaint merely asserts, without necessary specificity and in a resoundingly conclusory fashion, that the NOVs were issued with malice. Consequently, these two causes of action in the amended complaint must fail as a matter of law (*see Godfrey v. Spano*, 13 NY3d 358, 373 [2009]["Although on a motion to dismiss plaintiff's allegations are presumed to be true and accorded every favorable inference, conclusory allegations – claims consisting of bare legal conclusions with no factual specificity – are insufficient to survive a motion to dismiss."]). Similarly, Plaintiff has not presented any facts in the amended complaint to demonstrate the existence of a special injury. This deficiency is left unaddressed in the affirmation in opposition. Thus, even when affording Plaintiff the benefit of every possible inference, the amended complaint does not establish a cause of action for malicious prosecution.

[* 5]

**Abuse of Process**

Regarding the second and fifth causes of action, which also pertain to the issuance of NOV 799 and 277, the amended complaint does not successfully articulate causes of action for abuse of process. In the case of NOV 799, the amended complaint contends that it was issued on grounds of "legally insufficient evidence, without any basis in fact and/or in law, and constituted an abuse of process." Furthermore, it alleges that the Defendant City's "abuse of judicial process was wanton, heinous, egregious, and calculated to, resulting in the loss of enjoyment of life" (*see* amended complaint ¶¶ 6-7). Concerning NOV 277, the amended complaint asserts that it was issued "without any basis in fact and/or in law, and was substantially motivated by ill will, spite, and/or malice" (*see id.* ¶ 17). The elements of a claim of abuse of process are: "(1) regularly issued process, civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective" (*Curiano v. Suozzi*, 63 NY2d 113, 116 [1984]). The "mere commencement of a civil action, without unlawful interference with person or property, is insufficient to state a cause of action for abuse of process" (*Mago, LLC v. Singh*, 47 AD3d 772, 773 [2d Dept 2008]). Moreover, the "gist of the tort is 'improper use of process after it is issued' by 'an unlawful interference with one's property'" (*Tenore v. Kantrowitz, Goldhammer & Graifman, P.C.*, 76 AD3d 556, 557 [2d Dept 2010] *citing Williams v. Williams*, 23 NY2d 592, 596 [1969]; *Island Federal Credit Union v. Smith*, 60 AD3d 730, 733 [2d Dept 2009]["A claim to recover damages for abuse of process cannot be based on the mere commencement of an action by summons and complaint, without unlawful interference with person or property"]).

Apart from asserting that the amended complaint adequately stated all the elements essential to an abuse of process claim, the affirmation in opposition neglects to acknowledge that the amended complaint failed to include any facts supporting the second element required for an abuse of process claim – specifically, an intent to do harm without excuse or justification. Merely alleging an improper motive does not suffice to establish a cause of action for abuse of process (*see Marks v. Marks*, 113 AD2d 744, 745 [2d Dept 1985]; *see also Muro-Light v. Farley*, 95 AD3d 846, 847 [2d Dept 2012]["Further, even accepting the allegations as true, an improper motive in bringing an action alone does not give rise to a cause of action to recover damages for abuse of process"]). The second and fifth causes of action only make a conclusory assertion that the issuance of NOV 799 "constituted an abuse of process" (*see* amended complaint ¶¶ 6, 21). Since neither the second nor the fifth cause of action sufficiently pleads any facts to support an allegation that either NOV 277 or NOV 799 was issued with an intent to do harm or without excuse or justification, these causes of action are dismissed (*see Zlenski v. Patchogue*, 51 AD2d 1055, 1057 [2d Dept 1976][finding that a "cause of action cannot be predicated solely on mere conclusory statements unsupported by factual allegations."]).

Similarly, the second and fifth causes of action completely fail to assert that Defendant City employed any process with the intention of achieving a collateral objective. The Appellate Division, Second Department, has clarified that to adequately allege this third element of an abuse of process claim, it is necessary to present an assertion of "[s]ome irregular activity in the use of judicial process to obtain a collateral objective. Merely establishing a wrongful or malicious motive is insufficient" (*Raved v. Raved*, 105 AD2d 735, 736 [2d Dept 1984]). It is crucial to note

[* 6]

that, as stated in *Silver v. Kuehbeck*, 2005 U.S. Dist. LEXIS 26956, at *20 (S.D.N.Y. Nov. 7, 2005), affirmed in 217 F. App'x 18 (2d Cir. 2007), a claim of abuse of process must be dismissed in the absence of an allegation that the process has been improperly perverted "after" its issuance.

In this instance, neither cause of action asserts that Defendant City utilized the issuance of the NOVs to undertake any additional actions against Plaintiff, that the issuance of the NOVs was rooted in some ulterior motive, or that the issuance of the NOVs was employed to achieve any collateral objective. As both the second and fifth causes of action fail to adequately plead the third element essential to an abuse of process claim, they are also dismissed on this ground.

Likewise, the second and fifth causes of action for abuse of process must be dismissed for failure to timely file a notice of claim for abuse of process. The timely filing of a notice of claim is a statutory condition precedent to filing a personal injury lawsuit against a municipality (*see* GML § 50-e). Pursuant to GML § 50-e(1), a notice of claim must be filed "within ninety days after the claim arises." Pursuant to GML § 50(e)(5), "[n]ew theories of liability, not previously interposed, are time barred" (*Demorcy v. New York*, 137 AD2d 650, 651 [2d Dept 1988]).

NOV 799 and NOV 277 were issued on June 20, 2022, and July 29, 2022, respectively. Consequently, Plaintiff's alleged claims accrued on these dates, and thus, Plaintiff had until September 20, 2022, and October 29, 2022, to file notices of claim alleging abuse of process. Although Plaintiff submitted notices of claim for both NOV 799 and NOV 277 on August 5, 2022, both failed to include abuse of process as a claim against the City. Specifically, in the section titled "Nature of Claim" for NOV 799, the nature of the claim was described as: "Unfair and Deceptive Business Practice under Section 349 of the General Business Law of the State of New York; Malicious Prosecution." The notice of claim for NOV 277 had the identical "Nature of Claim" as NOV 799. Plaintiff's notices of claim were insufficient to provide Defendant City with notice of allegations of abuse of process. Therefore, the second and fifth causes of action are also dismissed on these grounds as well.

## Breach of Contract

Defendant City moves to dismiss the third cause of action in the amended complaint, titled "Intended Third Party Beneficiary, for Breach of Contract Between the City of New York and Good Samaritan Village," by asserting that Plaintiff did not state a cause of action for breach of contract and lacks evidence that Plaintiff was a third-party beneficiary of the City's contract with Samaritan Village. Specifically, Defendant City points out that to assert a breach of contract claim, the pleading must include allegations of "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages" (*Johnson v. Nextel Communs., Inc.*, 660 F.3d 131, 142 [2d Cir. 2011]). Here, the amended complaint failed to specify that Plaintiff was a party to a contract with Defendant City, performed under the contract, or that Defendant City failed to fulfill its contractual obligations. Due to the insufficient facts pleaded for a breach of contract claim, this cause of action must be dismissed.

Regarding the claim that Plaintiff was a third-party beneficiary of the contract between the City and Samaritan Village, Defendant City emphasizes that Plaintiff needed to establish the "existence of a valid and binding contract between other parties, that the contract was intended for

[* 7]

[its] benefit, and that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost" (*Burns Jackson Miller Summit & Spitzer v. Linder*, 59 NY2d 314, 336 [1983]). Here, Plaintiff failed to address the amended complaint's deficiency in establishing him as a third-party beneficiary to the City and Samaritan Village contract. Moreover, there is confusion about the alleged breach's timing, with Plaintiff's notice of claim indicating a breach on March 30, 2022, and the affirmation in opposition suggesting a breach around August 9, 2022.

Furthermore, the affirmation in opposition does not rectify the deficiency in the amended complaint regarding Plaintiff's status as a third-party beneficiary. Case law emphasizes that a third party can only enforce a contract if it is evident that the contract was made and intended for its benefit (*see Ultra Scope Int'l v. Extebank*, 158 Misc. 2d 117, 125 (Sup. Ct. N.Y. Co. 1992), *aff'd* 192 AD2d 479 [1st Dept 1993], *lv denied*, 82 NY2d 655 [1993]; *see also Financial Assistance, Inc. v. Graham*, 191 AD3d 952, 956 [2d Dept 2021]["A party may be deemed an intended third-party beneficiary of a contract only when it is…clear from the language of the contract that there was an intent to permit enforcement by the third party"]).

The amended complaint here lacks sufficient facts to demonstrate that Plaintiff was a third-party beneficiary, relying solely on a conclusory statement. The Agreement's language explicitly denies the creation of any third-party rights, as stated in Section 8.08 of the Contract entitled "No Third-Party Rights." Consequently, as Plaintiff failed to plead facts to establish himself as an intended third-party beneficiary, the third cause of action for a breach of contract as a third-party beneficiary does not adequately state a claim and is dismissed against Defendant City (*see Bd. of Managers of the Alexandria Condo. B. Boadway/72nd Assocs.*, 285 AD2d 422, 424 [1st Dept 2001]).

Likewise, Defendant Good Samaritan is entitled to dismissal of Plaintiff's breach of contract claim as against it. It is undisputed that Plaintiff did not have any type of contract with Defendant City or Defendant Good Samaritan. As such, Plaintiff has completely failed state a cause of action for breach against Defendant Good Samaritan. Secondarily, as previously alluded to, Plaintiff was not a beneficiary of any contract between Defendant City and Defendant Good Samaritan. The law is well settled that an incidental beneficiary may not maintain a cause of action for breach of contract (*Port Chester Electrical Construction Corp. v. Atlas*, 40 NY2d 652, 655 [1976]). Accordingly, Defendant Good Samaritan is likewise entitled to dismissal of Plaintiff's third cause of action for breach of contract.

To the extent that Plaintiff's claims could be construed as implying negligence by Defendant Good Samaritan, this court likewise finds that such claims are wholly devoid of merit. To maintain a negligence cause of action, the plaintiff must be able to prove the existence of duty, beach and proximate cause (*Kenney v. City of New York*, 30 AD3d 261[1st Dept. 2006]). It is well established that when a party has not performed or is not responsible for the claimed action that caused the plaintiff harm owes no duty to a plaintiff (*id*. at 262 [*citing Manson v. Consolidated Edison Co. of New York*, 220 AD2d 374 [1st Dept 1995]). As such, it is well settled that when a party establishes that it did not perform the injury producing activity, the party is entitled to judgment as a matter of law (*Flores v. City of New York*, 29 AD2d 356, 358 [1st Dept 2006]).

152916/2023   HINES, BARAN vs. THE CITY OF NEW YORK ET AL
Motion No.  002 003

Page 8 of 9

As established through the affidavit of Jerry Heaney from Defendant Good Samaritan, it is evident that Defendant Good Samaritan did not have anything to do with transferring residents to other shelters. This determination could only be made by the New York City Department of Homeless Services. As such, Defendant Good Samaritan cannot be held liable for injuries alleged by plaintiff as a matter of law. Plaintiff has failed to challenge Defendant Good Samaritan's assertions to that point. Accordingly, dismissal is warranted as against Defendant Good Samaritan on those grounds as well.

Based on the foregoing, it is hereby

ORDERED that Defendant City's motion is granted in its entirety, and Plaintiff's amended complaint is dismissed in its entirety, with prejudice, as against Defendant City; and it is further

ORDERED that Defendant Good Samaritan's motion is granted in its entirety, and Plaintiff's amended complaint is dismissed in its entirety, with prejudice, as against Defendant Good Samaritan; and it is further

ORDERED that in light of the aforementioned dismissals, plaintiff's cross-motion is denied in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Defendant City and Defendant Good Samaritan accordingly.

This constitutes the decision and order of the court.

**3/12/2024**
**DATE**                                                                **HASA A. KINGO, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152916/2023   HINES, BARAN vs. THE CITY OF NEW YORK ET AL                    Page 9 of 9
Motion No.  002 003

9 of 9